UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED HERE HEALTH, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>TINOCO'S KITCHEN, LLC, et. al.,<br><br>Defendants. | Case No. 2:11-cv-02025-MMD-GWF<br><br>ORDER<br><br>(Defs.' Motion for Sanctions – dkt. no. 15) |

## I. SUMMARY

Before the Court are Cross-Claimants Las Vegas Club Hotel & Casino, LLC and PlayLV Gaming Operations, LLC's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (dkt. no. 15). After reviewing the briefings, the Court denies the Motion consistent with the reasoning below.

## II. BACKGROUND

The relevant factual background is set forth in detail in the Court's November 13, 2012 Order. (Dkt. no. 34.) Defendants Tinoco's Kitchen, LLC and Enrique Tinoco (collectively "Defendants") filed a Motion to Dismiss on March 19, 2012, arguing that the lack of a written contract between them and Plaintiffs warrants dismissal in the case. (Dkt. no. 8.) Not long after, Cross-Claimants Las Vegas Club Hotel & Casino, LLC ("LVC") and PlayLV Gaming Operations, LLC ("PlayLV") filed this Motion seeking sanctions to cover their expenses for appearing in this suit, arguing that Defendants' Motion to Dismiss was frivolous and intended to delay proceedings. (Dkt. no. 15.)

Defendants oppose the Motion, and lay out in their Opposition why their Motion to Dismiss is meritorious. (Dkt. no. 20.) LVC and PlayLV replied by introducing new facts in the form of three declarations of PlayLV executives that describe how Defendants' counsel, Enrique Acuña, represented to them during a meeting that the Motion to dismiss was meant "to buy time." (Dkt. no. 22 at 4.)

The Court subsequently denied Defendants' Motion to Dismiss, and granted Plaintiffs' Motion for Preliminary Injunction. (Dkt. no. 34.)

## III.  LEGAL STANDARD

Sanctions under 28 U.S.C. § 1927 are an extraordinary remedy "to be exercised with extreme caution." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 437 (9th Cir. 1996) (describing both Fed. R. Civ. P. 11 and § 1927). "[I]n responding to perceived misconduct, courts must use care to exercise the sanctioning power only when they are legally authorized to do so." *Id.* at 437.

When a party's counsel "multiplies the proceedings in any case unreasonably and vexatiously," the court may require counsel "to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927; *see also In re Girardi*, 611 F.3d 1027, 1060-61 (9th Cir. 2010). A court awards § 1927 sanctions only upon a finding of bad faith, which is present when an attorney acts with recklessness or intentionally misleads the court in arguing a claim solely for the purpose of harassing the opposition. *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). The court can award this penalty only for vexatious conduct; "carelessly, negligently, or unreasonably multiplying the proceedings is not enough." *In re Girardi*, 611 F.3d at 1061.

## IV.  DISCUSSION

After reviewing the record, the Court cannot conclude that Acuña acted recklessly or intentionally to justify the imposition of sanctions. LVC and PlayLV make two principle arguments: the Motion to Dismiss was frivolous as Defendants entered into express agreements to be bound by the Collective Bargaining Agreement ("CBA"); and Acuña

personally represented to PlayLV executives that his Motion to Dismiss was intended to "buy time." As the second argument, along with its appended declarations, was presented first in Reply, the Court declines to consider it in reviewing this Motion. *Gadda v. State Bar of Cal.*, 511 F.3d 933, 937 n.2 (9th Cir. 2007) ("It is well established that issues cannot be raised for the first time in a reply brief."); *Clark v. Cnty. of Tulare*, 755 F. Supp. 2d 1075, 1090 (E.D. Cal. 2010) ("It is improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than presented in the moving papers.").

In their Motion to Dismiss, Defendants argued that the absence of an express contract between them and Plaintiffs foreclosed Plaintiffs' action, notwithstanding express agreements made between Defendants and LVC. On its face, this is not a frivolous argument, particularly in light of Defendants' position that the parties intended for Defendants to renegotiate the application of various CBA terms to Tinoco's Kitchen. "A frivolous filing is one that is both baseless and made without a reasonable and competent inquiry." *In re Girardi*, 611 F.3d at 1062 (internal quotations and citations omitted). While Tinoco's arguments may have been weak, the Court hesitates to call them frivolous.

Even if Defendants' Motion can be understood as demonstrating an intent to multiply and delay proceedings, the Court cannot infer a motive to harass from their arguments. So long as Defendants' filing was not frivolous, that a dismissal motion is brought as a matter of course does not automatically render it vexatious or harassing. *See In re Keegan Mgmt. Co.*, 78 F.3d at 436 ("[W]hile it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned.").

///
///
///
///

## V. CONCLUSION

Accordingly, IT IS ORDERED that Defendants Las Vegas Club Hotel & Casino, LLC and PlayLV Gaming Operations, LLC's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (dkt. no. 15) is DENIED.

DATED THIS 4th day of January 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE